UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JASMINE YAMINI, on behalf of herself
and others similarly situated,

     Plaintiff,

     v.

SPECTRIO, LLC,
a Delaware Limited Liability Company,

     Defendant.

_____/

## COMPLAINT

1.     Plaintiff, JASMINE YAMINI (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.     Defendant, SPECTRIO, LLC, a Delaware Limited Liability Company, has at all times material to this Complaint had a corporate office located at 7624 Bald Cypress Place, Tampa, Florida 33614 and has owned and operated a business specializing in providing digital signage, interactive kiosks, WiFi marketing, and other marketing products and services to customers across the United States with "Account Managers" employed by Defendant at multiple locations including in Miami-Dade County, Florida within the jurisdiction of this Court.

3.     Plaintiff brings this action on behalf of herself[1] and other current and former employees of SPECTRIO, LLC similarly situated to Plaintiff who have worked as "Account Managers," however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

---

[1] Attached hereto is a signed Consent to Join of JASMINE YAMINI.

It is the intent of this collective action to apply to all similarly situated employees of SPECTRIO, LLC regardless of location.

4.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5.      All of, and/or a substantial part of, the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

6.      At all times material to this Complaint including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, SPECTRIO, LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.   In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2020, 2021, 2022, and 2023, SPECTRIO, LLC has employed two (2) or more employees who, *inter alia*, have regularly: (a) worked with and sold hardware such as Nvidia Shield Pro and other equipment that supports kiosks and displays as well as digital signs and kiosks, in addition to software such as 10 Foot Wave, Codigo, and Ngage DSX, all of which constitute goods and/or materials that were produced for commerce outside of Florida and moved in interstate commerce; (b) handled and worked with equipment and supplies such as computers, telephones, copiers, scanners, faxes, as well as paper, pens, U.S. Postal Service, and FedEx shipping materials, all of which were goods and/or materials that were produced for commerce outside of Florida and moved in interstate commerce; and (c) processed and participated in electronic bank transfers, payments, and other financial electronic transactions across State lines between Florida and other States across the United States.

7.      Based upon information and belief, the annual sales volume of SPECTRIO, LLC has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2020, 2021, 2022, and 2023.

8.      At all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, SPECTRIO, LLC has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9.      During the three (3) year statute of limitations period between February 2022 and January 2023, Plaintiff worked for SPECTRIO, LLC as a Remote-based "Account Manager" in Miami, Florida, and Plaintiff's primary duties consisted of selling SPECTRIO, LLC's marketing products and services by, *inter alia*:

(a) talking to Defendant's new and existing customers about selling new and/or additional services in order to achieve monthly and quarterly sales goals;

(b) actively prospecting to supplement the lead flow provided by Defendant's team of Client Care Specialists to bolster the lead-sales pipeline with additional leads;

(c) customer service support tasks for issues such as customer questions, facilitating technical support, and client services-payment or other issues to avoid customer cancellations; and

(d) working with Excel spreadsheets for, *inter alia*, for sales predictions, reports on customers who cancelled/stopped using  SPECTRIO, LLC's products and services, and payments made by and due from customers.

10.     The additional persons who may become Plaintiffs in this action are SPECTRIO, LLC's current and former "Account Managers," however variously titled, who have worked for Defendant in one or more weeks between within the three (3) year statute of limitations period between October 2020 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for SPECTRIO, LLC.

11.     During the three (3) year statute of limitations period between February 2022 and January 2023, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant while performing non-exempt work in the position of "Account Manager."

12.     Likewise, the other employees of SPECTRIO, LLC who are similarly situated to Plaintiff have regularly worked as "Account Managers" however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendant within the three (3) year statute of limitations period between October 2020 and the present.

13.     However, SPECTRIO, LLC has failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated "Account Managers," however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period, with SPECTRIO, LLC instead misclassifying Plaintiff and the other similarly situated employees as exempt from the FLSA's overtime compensation requirements and paying only salaried wages for Forty (40) hours of work per week without time and one-half compensation for all of hours worked for Defendant in excess of Forty (40) hours per week during numerous work weeks between October 2020 and the present.

14.     During the three (3) year statute of limitations period between October 2020 and the present, SPECTRIO, LLC has failed to comply with the overtime compensation requirements of the Fair Labor Standards Acts for Plaintiff and other "Account Managers" similarly situated to

her despite the primary job duties of Plaintiff and other "Account Managers" being non-exempt, sales and production work for Defendant.

15.     The primary job duties performed by Plaintiff and the other similarly situated "Account Managers," however variously titled, for SPECTRIO, LLC between October 2020 and the present ***have not*** involved the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendant's general business operations.

16.     Likewise, the primary duties and work performed by Plaintiff and the other similarly situated "Account Managers," however variously titled, for SPECTRIO, LLC between October 2020 and the present have required no specialized skill and no capital investment, as these duties ***did not*** include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendant's administration or other operations.

17.     Instead, Plaintiff and the other similarly situated "Account Managers," however variously titled, have devoted the majority of their working time for SPECTRIO, LLC to sales and production work in Defendant's marketing solutions business within the three (3) year statute of limitations period between October 2020 and the present.

18.     Finally, the primary duties of Plaintiff and the other similarly situated "Account Managers," however variously titled, for SPECTRIO, LLC during the three (3) year statute of limitations period between October 2020 and the present ***were not*** management of any department(s), division(s), or job site(s) of SPECTRIO, LLC, and Plaintiff and the other "Account Managers," however variously titled, had no authority for and ***did not*** interview, hire, discipline, or fire employees of Defendant.

19.     During the three (3) year statute of limitations period between February 2022 and January 2023, Plaintiff regularly worked Monday through Friday for SPECTRIO, LLC while in the position of "Account Manager" with start times of between approximately 6:30-7:00 a.m. and with stop times between approximately 7:30-8:00 p.m. averaging approximately Twelve (12) hours per day and regularly working an average of approximately Sixty (60) hours per week.

20.     However, SPECTRIO, LLC has failed to pay time and one-half wages for all of the actual overtime hours that Plaintiff and other "Account Managers," however variously titled, have worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during the three (3) year statute of limitations period between October 2020 and the present as required by the Fair Labor Standards Act, with Defendant instead paying Plaintiff and other "Account Managers" salaried and commission wages without time and one-half compensation for all of hours worked for Defendant in excess of Forty (40) hours per week.

21.     Subject to discovery, based upon SPECTRIO, LLC paying Plaintiff average gross weekly wages of approximately $1,046.84 per week—between $865.38 in salaried wages and $181.46 in commissions—for Forty (40) hours of work per week between February 2022 and January 2023 without overtime compensation for the hours Plaintiff worked for Defendant in excess of Forty (40) hours per week, if Plaintiff's unpaid overtime wages are found to be due and owing for an average of Twenty (20) unpaid overtime hours per week at the time and one-half rate of $39.26/hour during a total of Thirty-Seven (37) out of Fifty (50) work weeks between February 2022 and January 2023, Plaintiff's unpaid overtime wages total **$29,049.40** [$1,046.84/40 hours = $26.17/hour x 1.5 = $39.26/hour x 20 Unpaid OT hours/week x 37 work weeks between 2/17/22 and 1/31/23 = $29,049.40], whereas if SPECTRIO, LLC could demonstrate that the "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime

wages on a half-time basis at the rate of $10.07/hour [$1,046.84/60 hours = $17.45/2 = $8.72/hour], Plaintiff's unpaid overtime wages total **$6,455.53** [$10.07/hour x 20 Unpaid OT hours/week x 37 work weeks = $6,455.53].

22.     Based upon information and belief, SPECTRIO, LLC has failed to maintain contemporaneous and accurate records of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated "Account Managers," however variously titled, during each week between October 2020 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

23.     Nonetheless, SPECTRIO, LLC had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated "Account Managers," however variously titled, during each week between October 2020 and the present but Defendant willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendant, instead accepting the benefits of the work performed by Plaintiff and other "Account Managers" without the overtime compensation required by the FLSA, 29 U.S.C. §207.

24.     The complete records reflecting the compensation paid by SPECTRIO, LLC to Plaintiff and all other similarly situated "Account Managers," however variously titled, at any location between October 2020 and the present are in the possession, custody, and/or control of Defendant.

<u>**COUNT I**</u>
<u>**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**</u>

25.     Plaintiff, JASMINE YAMINI, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26.     Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay

for each hour she worked for SPECTRIO, LLC as a non-exempt "Account Manager" in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between February 2022 and January 2023.

27.     All similarly situated non-exempt "Account Managers," however variously titled, of SPECTRIO, LLC are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they have worked for Defendant but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between October 2020 and the present.

28.     SPECTRIO, LLC has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Account Managers," however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week within the three (3) year statute of limitations period between October 2020 and the present.

29.     At all times material to this Complaint, SPECTRIO, LLC had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff and other "Account Managers," however variously titled, with time and one-half wages for all of their actual overtime hours worked between October 2020 and the present based upon *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other "Account Managers"; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that SPECTRIO, LLC knew had been worked for the benefit of Defendant.

30.     By reason of the said intentional, willful, and unlawful acts of SPECTRIO, LLC, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

31.     Based upon information and belief, at all times material to this Complaint, SPECTRIO, LLC did not have a good faith basis for Defendant's failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Account Managers," however variously titled, between October 2020 and the present, as a result of which Plaintiff and those similarly situated to her  are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

32.     Plaintiff has retained the undersigned counsel to represent her  in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from SPECTRIO, LLC all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

33.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JASMINE YAMINI, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendant, SPECTRIO, LLC, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of suit, and for all proper relief including prejudgment interest.


## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury on all issues so triable.

Dated:  October 18, 2023

Respectfully submitted,

By:    **<u>KEITH M. STERN</u>**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  <u>employlaw@keithstern.com</u>
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Fax:  (561) 288-9031
Attorneys for Plaintiff