**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cv-23977-KMM

JASMINE YAMINI,

       Plaintiff,

v.

SPECTRIO, LLC.

       Defendant.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court upon the Parties' Joint Motion to Approve Settlement

of FLSA Claim and Joint Stipulation of Dismissal with Prejudice. ("Mot.") (ECF No. 21).

The Fair Labor Standard Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"), requires, upon

settlement of an FLSA claim, either approval of the settlement agreement by the Secretary of

Labor, or judicial review and the court's determination that the settlement agreement is a "fair and

reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351

(11th Cir. 2009).  This includes "review of the reasonableness of counsel's legal fees to assure

both that counsel is compensated adequately and that no conflict of interest taints the amount the

wronged employee recovers under [the] settlement agreement." *Id.*  The framework for assessing

the reasonableness of an FLSA settlement agreement should include, among other things, analysis

of: (1) the existence of fraud or collusion; (2) the complexity and duration of the litigation; and (3)

the stage of the proceedings upon settlement. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241

(M.D. Fla. 2010).  In evaluating specifically the reasonableness of the proposed attorney's fee

recovery, the Court should also consider the possible range of the plaintiff's recovery, *id.*, as

compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees,* 706 F. Supp. 2d at 1241, 1243.

Here, the case involved disputes of issues including whether Plaintiff was properly classified as an exempt employee and the number of hours Plaintiff allegedly worked for Defendant, which constitute a bona fide dispute. Mot. at 4. Under the Settlement Agreement, Plaintiff is receiving $14,875.00 in unpaid wages and $14,875.00 in liquidated damages. (ECF No. 21-1) at 1–2. In the Complaint, Plaintiff initially sought $29,049.40 in unpaid overtime wages. Since Plaintiff is receiving less than the amounts she claims in the Complaint, she has compromised her claim under the FLSA. After receiving sufficient information to make informed decisions, the Parties decided to settle their dispute. The Parties cite numerous factors that support the reasonableness of their settlement, including the risks and costs of litigation and the continuing disputes of (1) whether Plaintiff worked the number of hours alleged, (2) whether Plaintiff was an exempt employee, and (3) whether any of Defendant's actions were willful. Mot. at 5–6. The Court finds that the settlement is fair in light of the genuine disputes as to the number of hours worked and whether Plaintiff was an exempt employee.

Next, the Court finds that the attorney's fees are fair and reasonable. Defendant has agreed to pay $7,300.00 for Plaintiff's attorneys' fees as well as $700.00 for costs. *Id.* at 6. Plaintiff's counsel submitted a detailed declaration and time sheet showing the total amount of time spent on the case and on each task. *See generally* (ECF No. 21-2). Further, "the best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the

reasonableness of the plaintiff's settlement." *Bonetti v. Embarq Management Co.¸* 715 F. Supp. 2d 1222 (M. D. Fla. 2009). Here, Plaintiff's counsel's attorney's fees and costs were negotiated separately and without regard to the amounts paid to the Plaintiff in settlement of her FLSA claim. Mot. at 6. Moreover, Plaintiff's counsel, who has been practicing law since 2000, charged an hourly rate of $475.00, which the Court does not find excessive. *See e.g.*, *Ismail v. Plantation Key Operating System, LLC*, 2019 WL 409660 (S.D. Fla. Feb. 1, 2019) (finding an hourly rate of $450 not excessive); *CCAventura, Inc. v. Weitz Co.,* 2008 WL 276057 (S.D. Fla. 2008) (holding an eighth-year associate could recover $400 an hour).

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court finds that the settlement is fair and reasonable. Accordingly, it is ORDERED AND ADJUDGED that the Joint Motion to Approve Settlement of FLSA Claim and Joint Stipulation of Dismissal with Prejudice (ECF No. 21). is GRANTED and the Settlement Agreement (ECF No. 21–1) is APPROVED. Plaintiff's Complaint (ECF No. 1) is hereby DISMISSED WITH PREJUDICE. The Court retains jurisdiction to enforce the terms of the Parties' settlement.

DONE AND ORDERED in Chambers at Miami, Florida, this __2nd__ day of April, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record